IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DENNIS M. GALLIPEAU, # 16472-171 ) | Civil Action No. 3:10-2017-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CORRECT CARE SOLUTIONS; ) | **REPORT AND RECOMMENDATION** |
| SHERI LEE (SAUNDERS); ) | |
| EVAN M. GESSNER; ) | |
| LIDE & PAULEY, LLC; ) | |
| ROY P. MAYBANK; AND ) | |
| MAYBANK LAW FIRM, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Plaintiff, Dennis M. Gallipeau, filed this action on July 30, 2010.[1] He is an inmate at the Federal Correctional Complex in Yazoo City, Mississippi. Plaintiff appears to allege claims under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and South Carolina law. Defendants Correct Care Solutions ("CCS") and Sheri Lee (Saunders), collectively the "CCS Defendants," filed a motion to dismiss on December 16, 2010. Defendants Evan M. Gessner and Lide and Pauley, L.L.C., collectively the "Lide and Pauley Defendants," filed a motion to dismiss on December 20, 2010. Because Plaintiff is proceeding pro se, he was advised on December 21, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motions to dismiss could result in the dismissal of his complaint. Defendants Roy P.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

Maybank and the Maybank Law Firm, L.L.C., collectively the "Maybank Defendants," filed a motion to dismiss on December 22, 2010. A second Roseboro Order was issued on January 4, 2011. Plaintiff filed a response on January 7, 2011. The Maybank Defendants filed a reply on January 14, 2011; the CCS Defendants filed a reply on January 14, 2011; and the Lide and Pauley Defendants filed a reply on January 18, 2011.

## STANDARD FOR MOTIONS TO DISMISS

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dept. of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). The United States Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of

a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.' "Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

**DISCUSSION**

Plaintiff's allegations concern the filing of his medical records in pleadings filed in prior lawsuits that he brought in this Court. In January 2009, while a pretrial detainee at Lexington County Detention Center ("LCDC") in South Carolina, Plaintiff filed a lawsuit, Gallipeau v. ABL Management, Inc., et al, C/A No. 3:09-1382-JFA-JRM (hereinafter referred to as "Gallipeau I"),[2] against CCS regarding his medical diet and medical care. CCS was represented by attorney Maybank of the Maybank Law Firm. In July 2009, Plaintiff filed a lawsuit, Gallipeau v. Mickens-Ham, Civil Action No. 3:09-1883-HFF (hereinafter referred to as "Gallipeau II"),[3] alleging that a correctional officer at LCDC used excessive force against him. The correctional officer is represented by Evan Gessner ("Gessner"), an attorney employed by Lide and Pauley, L.L.C. ("Lide and Pauley"). Plaintiff alleges that in May 2010, Sheri Lee (Saunders)[4] and CCS disclosed his entire medical records to the Maybank and the Lide and Pauley Defendants. He claims that this disclosure violated federal and South Carolina law. Plaintiff alleges that in filing his medical records with the Court in Gallipeau I and II, Defendants vexatiously released his health information to the worldwide web.

---

[2]This action is now closed.

[3]This action is currently pending. The Court may take judicial notice of Plaintiff's prior lawsuits filed in this Court. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[4]She is a records custodian for CCS. See Gallipeau I, Doc. 35-3.

He claims that Defendants publicized his records in order to humiliate, embarrass, and aggravate him. Plaintiff alleges claims for recklessness, gross negligence, negligence, breach of fiduciary duty, breach of care, breach of confidence, wrongful publicizing of private affairs, and wrongful intrusion of private affairs.

The Maybank Defendants contend that their motion to dismiss should be granted because: (1) they are immune from third-party liability for actions made in the course and scope of representing their clients in the earlier action; (2) Plaintiff waived any privileges that might exist to prevent disclosure of his medical records and any rights of privacy or confidentiality by bringing his medical condition into controversy in the earlier action; (3) they did not owe a duty to Plaintiff, as their client's adversary, necessary to support causes of action for negligence, professional negligence, or breach of fiduciary duty; (4) to the extent Plaintiff has stated a cause of action for professional negligence, Plaintiff failed to attach an affidavit of an expert witness as required by S.C. Code § 15-36-100; (5) no private statutory cause of action exists that would entitle Plaintiff to relief under the facts alleged in his complaint; (6) they owed no duty of confidentiality to Plaintiff and the use of his medical records was proper and justifiable; and (7) the disclosure of medical records in the course of a judicial proceeding is absolutely privileged and does not constitute an actionable invasion of privacy.

The Lide and Pauley Defendants contend that their motion to dismiss should be granted because: (1) they did not owe Plaintiff any fiduciary or other duties in the prior action; (2) HIPAA does not provide a private cause of action; (3) Plaintiff waived any right to privacy or confidentiality in his personal medical information by placing his physical and medical conditions into controversy;

and (4) as a detainee at LCDC, Plaintiff did not have a constitutional right to confidentiality as to his medical records.

The CCS Defendants argue that their motion to dismiss should be granted because: (1) Plaintiff cannot establish a claim for negligence as there was no breach of any duty; (2) there was no breach of financial duty as there was no financial relationship between the CCS Defendants and Plaintiff; (3) HIPAA does not authorize a private cause of action; (4) there was no breach of confidence because there was no disclosure to a third party and any disclosure was authorized; and (5) Plaintiff has waived any expectation of privacy by placing his medical condition in issue.

In his objections to Defendants' motion to dismiss, Plaintiff argues that HIPAA does not allow for an automatic waiver of the physician-patient privilege upon the filing of a lawsuit, he did not waive his right to privacy by filing Gallipeau I, and this case is about how the Maybank and the Lide and Pauley Defendants came into possession of Plaintiff's confidential health care records. He also argues that the CCS Defendants did not address his claim that they impermissibly released his medical information to the Lide and Pauley Defendants and thus they are in default as to those claims.[5]

### 1.     Negligence/Recklessness/Gross Negligence

Plaintiff alleges that he has been damaged by Defendants' recklessness, negligence, and gross negligence. Defendants contend that Plaintiff fails to show that a duty of care has been breached.

To the extent that Plaintiff brings his claim for negligence under § 1983, it fails because negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S.

---

[5]When a motion to dismiss under Rule 12 is filed, the time for the responsive pleading is altered (if the court denies the motion to dismiss, "the responsive pleading must be served within 14 days after notice of the court's action"). Fed. R. Civ. P. 12(a)(4)(A).

327, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995). To the extent Plaintiff alleges a claim for professional negligence, Plaintiff fails to state a claim because he has not alleged an attorney-client relationship between Plaintiff and any of the Maybank or the Lide and Pauley Defendants. See Argoe v. Three Rivers Behavioral Ctr. & Psychiatric Solutions, 697 S.E.2d 551, 554 (S.C. 2010)(quoting Stiles v. Onorato, 457 S.E.2d 601, 602 (S.C. 1995)(An attorney owes no duty to a non-client unless he "breaches some independent duty to a third person or acts in his own personal interest, outside the scope of his representation of the client.")). Further, Plaintiff failed to provide an expert affidavit as required for an allegation of damages for professional negligence. See S.C. Code Ann. § 15-36-100 (A plaintiff must file, as part of a complaint alleging professional negligence, "an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit.").

To the extent that Plaintiff brings claims under South Carolina law that the CCS Defendants breached a duty to him, he fails to show any breach of duty[6] as to Gallipeau I because the CCS Defendants were allowed to disseminate Plaintiff's medical records in order to defend CCS in a medical care case. Felder v. v. Wyman, 139 F.R.D. 85 (D.S.C. 1991)("[w]here, as here, plaintiff has attacked the quality of decedent's medical treatment and placed decedent's medical condition into contention, any privilege that might exist to prevent disclosure with respect to decedent's medical

---

[6]In a negligence action under South Carolina law, a plaintiff must show that: (1) the defendant owes a duty of care to the plaintiff; (2) the defendant breached the duty by a negligent act or omission, (3) defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered an injury or damages. McKnight v. South Carolina Dep't of Corrs., 684 S.E.2d 566, 571 (S.C. 2009).

condition is waived."). Id. at 88;[7] see also Woods v. Goord, C/A No. 01 Civ. 3255, 2002 WL 731691 (S.D.N.Y. Apr. 23, 2002)(holding that when an inmate files suit against prison officials, the subsequent release of medical records in defense of litigation does not violate any right of the inmate).

As to the records in Gallipeau II, the defendant in that action provided that she received a copy of Plaintiff's medical records from the Lexington County Sheriff's Office (not from the CCS Defendants) as they were part of Plaintiff's detainee file. See Gallipeau II, Doc. 45. Further, the same records were filed in Gallipeau I, the filing of such was not objected to by Plaintiff, and these records were part of the public record at the time Plaintiff objected to them in Gallipeau II.

2.     Breach of Fiduciary Duty

Plaintiff alleges that Defendants breached a fiduciary duty because he placed a special confidence in them and they were "bound to act in good faith and with due regard to the interests of the plaintiff." Complaint, Paras. 32-36. Defendants argue that Plaintiff fails to show any special relationship that would support the existence of a fiduciary duty.

Plaintiff fails to state a claim for breach of fiduciary duty as to the Lide and Pauley and/or Maybank Defendants because Plaintiff has not alleged and cannot establish any special relationship with Maybank, Maybank Law Firm, Gessner, and/or Lide and Pauley that would support the existence of a fiduciary duty.

"A fiduciary relationship exists when one imposes a special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests

---

[7]Plaintiff argues that Felder is no longer good law, but has presented nothing to support his assertion.

7

of the one imposing the confidence." Moore v. Moore, 599 S.E.2d 467, 472 (S.C.Ct. App. 2004). "To establish the existence of a fiduciary relationship, the facts and circumstances must indicate the party reposing trust in another has some foundation for believing the one so entrusted will act not in his own behalf but in the interest of the party so reposing." Id. South Carolina courts have held that no fiduciary relationship exists between an attorney and his client's adversary. See, e.g., Gaar v. North Myrtle Beach Realty Co., Inc., 339 S.E.2d 887, 889 (S.C.Ct.App. 1986)("[A]n attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with knowledge of his client.").

Plaintiff also fails to state a claim as to the CCS Defendants because he cannot show that there was a fiduciary relationship between these Defendants and Plaintiff. A fiduciary relationship involves financial relationships and duties of candor and good faith. See Steele v. Victory Sav. Bank, 368 S.E.2d 91, 93 (S.C.Ct.App. 1988).

### 3. Breach of Care/HIPAA

Plaintiff appears to allege that Defendants breached a duty of care by allegedly violating HIPAA and unspecified state statutes. He however fails to state a claim because HIPAA does not provide for a private cause of action against Defendants. See Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006)(holding that HIPAA does not create a private right of action); Hopkins v. Bethea, No. 3:06-3467-MBS-JRM, 2007 WL 1231652 at *5 (D.S.C. April 23, 2007)(citing Acara for premise that there is no private right of action under HIPAA); Suggs v. North Strand OB/GYN, P.C., No. 07-3911-TLW-TER, 2009 WL 113445 at *5 (D.S.C. Jan. 14, 2009)(HIPAA provides no private right of action). Plaintiff has not cited any other statutory basis that would support a private cause of action against Defendants. Additionally, under HIPAA, a covered entity is not required to obtain

8

consent or authorization to use protected health information for its own health care operations, which is specifically defined to include "conducting or arranging for legal services"). See 45 C.F.R. §§ 164.501 and 164.506(c)(1).

### 4. Breach of Confidence

Plaintiff alleges that he and Defendants stood in a relationship imposing a duty of trust and/or confidentiality which Defendants breached. Defendants contend that they did not owe Plaintiff such a duty and any disclosure was justified.

Plaintiff fails to state a claim for breach of confidentiality against the Maybank Defendants or the Lide and Pauley Defendants. South Carolina courts have recognized a cause of action for breach of confidentiality, but the cause of action only lies against a physician where there is an "absence of a compelling public interest or other justification for the disclosure." McCormick v. England, 494 S.E.2d 431, 437 (S.C.Ct. App. 1997).

Plaintiff also fails to state a claim for breach of confidence as to the CCS Defendants. The South Carolina Supreme Court has recognized a cause of action for breach of confidence and found that "[a] confidential relationship is breached if unauthorized disclosure is made to only one person not a party to the confidence..." Swinton Creek Nursery v. Edisto Farm Credit, 514 S.E.2d 126, 132 (S.C. 1999). Plaintiff cannot show a dissemination to a third party by the CCS Defendants as to the Maybank Defendants because the Maybank Defendants were acting to advise CCS as to Plaintiff's medical care claims. Further, as discussed above, any confidence was waived by Plaintiff placing his medical condition and treatment at issue in Gallipeau I.

     5.    <u>Wrongful Publicizing of Private Affairs Wrongful Intrusion into Private Affairs</u>

Plaintiff alleges that Defendants wrongfully publicized and wrongfully intruded into his private affairs. This appears to be an assertion of two invasion of privacy causes of action.[8] Defendants argue that communications in a judicial proceeding are privileged such that they are immune from an action for invasion of privacy, the Maybank and Lide and Pauley Defendants are immune from third party liability, Plaintiff has waived his right of privacy by placing his medical condition at issue, and Plaintiff fails to state a claim for wrongful intrusion or wrongful publicizing.

The Maybank and Lide and Pauley Defendants have immunity from third-party liability as to Plaintiff's claims of invasion of privacy. "Communications in judicial proceedings are absolutely privileged and are immune from an action for an invasion of privacy." <u>Rycroft v. Gaddy</u>, 314 S.E.2d 39 (S.C.Ct.App. 1984).

Plaintiff fails to state a cause of action for wrongful intrusion. This cause of action requires: (1) an intrusion; (2) into that which is private; (3) that is substantial and unreasonable so as to be legally cognizable; and (4) the act is intentional. <u>Johnson v. Ambling Mgmt. Co.</u>, No. 8:07-CV-1614-HFF, 2008 WL 4372909 (D.S.C. Sept. 17, 2008). "Whether the conduct in question meets this test is, in the first instance, a question of law for the court." <u>Snakenberg v. Hartford Cas. Ins. Co.</u>, 383 S.E.2d 2, 6 (S.C.Ct.App. 1989). Plaintiff's allegations that his medical records were

---

[8]In <u>Meetze v. Associated Press</u>, 95 S.E.2d 606 (S.C. 1956), the Supreme Court of South Carolina specified three distinct causes of action for invasion of privacy:
- (1) the unwarranted appropriation or exploitation of one's personality,
- (2) the publicizing of one's private affairs with which the public has no legitimate concern, and
- (3) the wrongful intrusion into one's private activities, in such manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities.

<u>Meetze</u>, 95 S.E.2d at 608.

filed in judicial proceedings does not constitute an "intrusion" necessary to state a cause of action for wrongful intrusion. See id. ("An intrusion may consist of watching, spying, prying, besetting, overhearing, or other similar conduct.").

The elements of cause of action for wrongful publicizing of one's private affairs for which the public has no legitimate concern include: (1) publicizing, (2) absent any waiver or privilege, (3) private matters in which the public has no legitimate concern, (4) so as to bring shame or humiliation to a person of ordinary sensibilities. See Swinton Creek Nursery, 514 S.E.2d at 131. Plaintiff cannot establish a claim for invasion of privacy because he cannot show that the filing of his medical records in judicial proceedings constituted "publicizing." "[P]ublicity, as opposed to mere publication, is what is required to give rise to a cause of action for this branch of invasion of privacy; communication to a single individual or to a small group of people will not give rise to an invasion of privacy claim." Id. Further, there appears to be waiver, as Plaintiff put his medical condition into issue.

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motions to dismiss (Docs. 13, 14, and 18) be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

August 5, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).