UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dennis M. Gallipeau, | ) | C/A No. 3:10-2017-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Correct Care Solutions; Sheri Lee Saunders; Evan N. Gessner; Lide & Pauley, LLC; Roy P. Maybank; and Maybank Law Firm, LLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Dennis Gallipeau, brings this action pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and South Carolina law. He is an inmate at the Federal Bureau of Prisons. Among other things, the plaintiff contends that the defendants vexatiously released his health information to the world wide web.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the defendants' motions to dismiss[2] should be granted. The

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] The defendants filed motions to dismiss. Two orders were issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion to dismiss or for summary judgment. Plaintiff responded to the motions.

1

Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on August 5, 2011. The plaintiff filed objections and the defendant replied thereto. The court will address the objections herein.

## BACKGROUND

The plaintiff brings this action against Correct Care Solutions[3] (CCS), one of its records custodians, and several attorneys who defended two previous lawsuits brought by Gallipeau. The gist of the claims asserted in this action is that the defendants improperly placed the plaintiff's health information upon the public record, thereby making such information available on the world wide web.

In January 2009, while a federal detainee at the Lexington County Detention Center (LCDC), the plaintiff filed a lawsuit in this court, *Gallipeau v. ABL Management, Inc., et al.*, C/A No. 3:09-1382 (Gallipeau I), against the defendant CCS complaining of his medical diet and medical care while detained. CCS was represented by attorney Roy Maybank of the Maybank law firm. The court granted summary judgment to the defendants and dismissed that action in August 2010.

In July 2009, plaintiff filed a second lawsuit now pending in this district, *Gallipeau*

---

[3] Correct Care Solutions appears to be a private corporation that employs medical care providers (doctors, physician assistants and nurses) who work under contract with the Lexington County Detention Center (LCDC). The plaintiff was housed at the LCDC while he was being transferred from one federal prison to another.

2

*v. Mickens-Ham*, C/A No. 3:09-1883 (Gallipeau II), alleging that an LCDC correctional officer used excessive force against him. In that litigation, the correctional officer was represented by Evan Gessner, an attorney employed by the law firm of Lide & Pauley.

With regard to the present action, plaintiff alleges that in May 2010, Sheri Lee Sanders (records custodian for CCS) and CCS itself disclosed the plaintiff's entire medical records to the Maybank and the Lide & Pauley defendants. Plaintiff contends that this disclosure violated federal and state law in a variety of respects.

STANDARD OF LAW

The complaint is viewed in the light most favorable to the plaintiff, taking all well-pleaded facts as true. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188 (4th Cir. 2007). It is not enough merely to plead conclusory statements of injury and standing. Instead, the pleading burden set forth by the United States Supreme Court requires that plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") The Fourth Circuit recently reinforced what it means to satisfy this standard by quoting *Twombly*: "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

After carefully considering each of the claims asserted in this action, the Magistrate Judge's Report and Recommendation suggests that the defendants' motions to dismiss should be granted and that this litigation should be ended. Plaintiff's objection memorandum, to which the defendants have replied, attacks virtually every aspect of the Magistrate Judge's Report.

As an initial proposition, it should be noted that the Magistrate Judge was unquestionably correct in pointing out that all of the claims asserted in this action must be viewed in light of the fact that because the plaintiff initiated two law suits that placed his physical well being and medical care in issue, Gallipeau waived his common law right to confidentiality of medical records.[4]

With regard to the specific claims, the Magistrate Judge's recommendation and petitioner's objections are as follows:

*Negligence/Recklessness/Gross Negligence*

The Magistrate Judge points out that to the extent the plaintiff brings this action for negligence under 42 U.S.C. § 1983, the claim must fail because negligence, in general, is not actionable under § 1983. Gallipeau fails to object to this portion of the Report.

---

[4] In a matter filed by the plaintiff that is totally unrelated to this action, Gallipeau demonstrated his lack of awareness of the law in another respect. *See United States v. Gallipeau*, CR. No. 3:08-96-JFA (D.S.C.). In that action, Gallipeau took the position that his court-appointed attorney breached professional ethics and a variety of other requirements by divulging attorney-client communications relating to his criminal case. This position, of course, ignores a well-settled body of law that holds that a criminal defendant who alleges ineffective assistance of counsel, as Gallipeau did in that case, waive for all purposes, the attorney-client privilege. This court may take judicial notice of the plaintiff's prior or pending actions. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (district court may take judicial notice of its own files and records).

The Magistrate Judge also notes that there can be no claim for professional negligence in this action because plaintiff has not alleged an attorney-client relationship between the plaintiff and any of the attorney defendants he is now suing.  Moreover, the plaintiff has failed to provide an expert affidavit as required for a professional negligence action against attorneys under South Carolina law.  *See* S.C. Code Ann. §15-36-100. Once again, Gallipeau does not object to this portion of the Report.

Finally, the Magistrate Judge suggests that to the extent plaintiff brings these claims under South Carolina law that the CCS defendants breached a duty to him, the claim should fail because Gallipeau has failed to show any breach of duty.

In objecting to this portion of the Report and Recommendation, Gallipeau suggests that HIPAA creates the duty that was breached in this case.  Gallipeau's argument regarding HIPAA is contained within the portion of his objection memorandum wherein he opposes the Magistrate Judge's suggestion that it is well-settled law that HIPAA does not create a private right of action.  In his objection memorandum, Gallipeau acknowledges that no private right of action is created by HIPAA, but then suggests that HIPAA does create "A duty. Not a cause of action. A duty. A statutory duty. A duty of care. A duty of confidentiality and confidence. A duty of trust, etc." (Plaintiff's Objection Mem. at 1).  Gallipeau then goes on to argue that "these duties, breached by the defendants, are created by statute."

5

It can easily be seen that this circular argument must fail. Here, Gallipeau brings claims that are all essentially state law claims. He attempts to assert them under a federal statute providing a federal cause of action for violation of constitutional rights and by relying on a federal statute that, by Gallipeau's own admission, does not create a private right of action.

It is true as Gallipeau contends that there is authority that a duty of care may be created by statute. Courts that have considered the question of whether a private right of action exists under HIPAA have concluded that the statute does not, in fact, create any kind of duty so as to give rise to a cause of action for its breach.

For all the foregoing reasons, the court concludes that the Magistrate Judge's recommendation (that the negligence, recklessness, and gross negligence claims should be dismissed) is correct and that the objections should all be overruled.

*Breach of Fiduciary Duty*

Gallipeau alleges that the defendants breached a fiduciary duty because he placed special confidence in them and they were "bound to act in good faith in regard to the interest of the plaintiff." The Magistrate Judge suggests that plaintiff has not alleged and cannot establish any special relationship with Maybank, Maybank Law Firm, Mr. Gessner, or Lide & Pauley, LLC that would support the existence of a fiduciary duty.

Gallipeau does not object to this portion of the Report and Recommendation except to fall back upon his now-rejected argument that the enactment of HIPAA created a fiduciary duty running in his favor from lawyers representing clients he sued in earlier litigation. This claim lacks merit and to the extent there are any objections to the Report and Recommendation on this issues, the objections are overruled.

*Breach of Care/HIPAA*

As noted above, the plaintiff has disavowed any claim that HIPAA creates a private right of action. Accordingly, the court adopts this portion of the Report and Recommendation without objections.

*Breach of Confidence*

Plaintiff alleges, once again, that he and the defendants stood in a relationship imposing a duty of trust and/or confidentiality which the defendants breached. The defendants contend that they did not owe plaintiff such a duty and that any disclosure they made was justified under the circumstances.

As the Magistrate Judge points out, South Carolina courts have recognized a cause of action for breach of confidentiality, but such actions only lie against a physician where there is a "absence of a compelling public interest or other justification for the disclosure." *McCormick v. England*, 494 S.E.2d 431–37 (S.C. Ct.App. 1997).

Here, the cause of action asserted is not against a physician. Moreover, there was clearly a justification for the disclosure in view of the fact that the plaintiff placed his medical records into issue by bringing the two actions.

7

Once again, plaintiff relies upon HIPAA which is said to have created a duty of confidentiality and confidence so as to support this cause of action. The court respectfully disagrees.

Gallipeau also suggests that the CCS defendants breached the established duty of confidence by disclosing plaintiff's entire medical records to both the Lide & Pauley defendants (in Gallipeau II) and to the Maybank defendants (in Gallipeau I) without a court order, subpoena, or discovery request. However, as observed above and as pointed out by the Magistrate Judge, any confidence was waived by Gallipeau by his placement of his medical condition and treatment at issue in Gallipeau I and II.

Gallipeau raises several other technical objections that may be easily dismissed. First, Gallipeau contends that the Magistrate Judge erred when he accepted without challenge the statement from the defendants that copies of the plaintiff's medical records were received from the Lexington County Sheriff's office, not from the CCS defendants. Plaintiff contends that this is a hotly contested genuine issue of material fact. The court disagrees. This entire order is premised on the assumption that the defendants obtained all of the records at issue in this dispute from CCS.

Finally, Gallipeau contends that defendant Lide & Pauley, LLC filed an answer contemporaneously with the filing of their motion to dismiss. He contends, incorrectly, that the filing of the answer renders the motion to dismiss moot. Rule 12(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that no defense or objection is weighed by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

8

CONCLUSION

For all the foregoing reasons, the court adopts the Magistrate Judge's Report and Recommendation, and overrules all of the plaintiff's objections. Accordingly, the defendants' motions to dismiss and for summary judgment (ECF Nos. 13, 14, 18) are granted and this action is dismissed with prejudice.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

September 29, 2011
Columbia, South Carolina

9